IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH BENTLEY**                                                                  **PLAINTIFF**

**v.**                                                   **No.: 4:07CV28-WAP-EMB**

**CITY OF GREENVILLE, ET AL.**                                      **DEFENDANTS**

## ORDER

**BEFORE THE COURT** is Plaintiff's *unopposed* Motion to Compel Defendants' [sic] to Produce Documents and Compel Depositions, filed November 27, 2007. In support of the Motion, Plaintiff states Defendants Perry Davis and Jonathan Mosby, former jailors for the Greenville Police Department, failed to fully respond to a discovery request for production of their complete personnel files. Additionally, Plaintiff complains that said Defendants have failed to cooperate in scheduling their depositions.

This is a §1983 case wherein Plaintiff alleges "police brutality." Plaintiff argues that in addition to other discoverable information, Defendants' personnel files contain information regarding an internal affairs investigation which ultimately led to Defendants' terminations. Additionally, Plaintiff alleges that the incident which sparked said internal affairs investigation involved an attempt by Defendants to aid the escape of inmates who witnessed the alleged brutality which makes the basis of Plaintiff's Complaint. Defendants have wholly failed to respond to Plaintiff's Motion to Compel. And, in their responses to Plaintiff's requests for documents, Defendants object to production of the information merely on the ground that the records are "confidential."

*Federal Rule of Civil Procedure* 26(b) permits "discovery regarding any matter not privileged, which is relevant to the subject matter in the pending action." Discoverable information is not limited to admissible evidence, but includes anything "reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b); *Dunbar v. United States,* 502

F.2d 506, 509-10 (5th Cir. 1974). Courts have traditionally construed "relevance" broadly: information is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

Based on the foregoing, the Court is of the opinion that in addition to the personnel records already produced, Plaintiff is entitled to any records in Defendants' personnel files related to the subject internal affairs investigation. And, as regards Defendants' failure to cooperate in scheduling their depositions, the Court finds Defendants are wholly without excuse.

**THEREFORE, IT IS ORDERED** that on or before January 10, 2008, the above named Defendants shall produce to Plaintiff any and all records in their personnel files related to the subject internal affairs investigation. Additionally, Defendants shall submit to a deposition to be scheduled by Plaintiff's counsel at the convenience of the parties, but in any event, on or before January 31, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees being unopposed, the same is hereby **GRANTED**. Plaintiff's counsel shall submit his affidavit detailing attorney fees for prosecution of the instant Motion to Compel within ten (10) days of this date. Defendants may file a response to Plaintiff's counsel's affidavit within five (5) days of filing of the same.

**THIS**, the 28th day of December, 2007.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE