# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KENNETH BENTLEY,**                                           **PLAINTIFF,**

**VS.**                                       **CIVIL ACTION NO. 4:07CV0028-P-A**

**CITY OF GREENVILLE, MISSISSIPPI; ET AL.,**              **DEFENDANTS.**

## ORDER

This matter comes before the court upon Defendants motion in limine [24] to exclude from trial reference to acts alleged to have been committed by Defendants Perry Davis and Jonathan Mosby subsequent to events at issue in the instant lawsuit. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The motion as to Defendant Mosby should be granted since the plaintiff has not demonstrated how the circumstances of his termination affects the bias of the subject defense witnesses. The motion as to Defendant Davis, however, should be denied.

Fed. R. Evid. 608(b) provides in pertinent part:

> Specific instances of the conduct of a witness ... may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

In this instance, the plaintiff argues that evidence that Defendant Davis was subsequently terminated for aiding an inmate in escaping from the City jail, allowing drugs and contraband into the jail, and allowing male inmates to engage in sexual relations with female inmates, is relevant to show the bias of two particular defense witnesses since "the drugs and women Defendant Davis supplied to the inmates are the very same inmates who allegedly witnessed Defendant Davis' attack on Plaintiff." In other words, the plaintiff argues that Rules 401, 402, and 608(b) allow him to bring

out the alleged bias of the subject witnesses during cross-examination by discussing the grounds for Defendant Davis' subsequent termination since the witnesses are alleged to have been the beneficiaries of Defendant Davis' malfeasance.

Extrinsic evidence may be admissible if it tends to show bias in favor of or against a party. *U.S. v. Martinez*, 962 F.2d 1161, 1165 (5th Cir. 1992); *U.S. v. Thorn*, 917 F.2d 170, 176 (5th Cir. 1990) ("An exception to the prohibition against the use of extrinsic evidence to attack the credibility of a witness exists in cases in which the evidence tends to show bias or motive for the witness to testify untruthfully.").

If it is undisputed that Defendant Davis was terminated in part for allowing the defense witnesses to receive drugs, sex, and contraband, then this would be relevant and permissible evidence to delve into during cross-examination of the witnesses to show bias. That is, the plaintiff may cross-examine the defense witnesses as to their particular involvement in the matters leading to Defendant Davis' termination. However, Defendant Davis' malfeasance in general regarding all of the inmates in the City jail and whether Defendant Davis helped an inmate escape has not been shown to be relevant as to the credibility of the defense witnesses. The court instructs the parties to submit a limiting instruction to the jury instructing that the subject evidence may only be considered with regard to the defense witnesses' truthfulness or untruthfulness and not Defendant Davis' character.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants motion in limine [24] is **GRANTED IN PART AND DENIED IN PART** as explained above.

**SO ORDERED** this the 24th day of June, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE